IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CERNER MIDDLE EAST LIMITED**, | Case No. 3:16-cv-1630-PK |
| Plaintiff, | **ORDER** |
| v. | |
| **BELBADI ENTERPRISES, LLC and ORLAND LIMITED**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on November 14, 2016. ECF 34. Judge Papak recommended that Plaintiff's Motion to Remand to State Court (ECF 8) be granted and Defendants' Motion to Dismiss (ECF 25) be denied as moot.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Defendants timely filed an objection. ECF 36. Defendants object that Judge Papak erred when he found that the Court lacks subject matter jurisdiction. Defendants argue that the Court has jurisdiction because this case "relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards]." 9 U.S.C. § 205; *see also* 9 U.S.C. § 203 (providing for subject matter jurisdictions for actions falling under the Convention). Defendants offer three arguments for why the award issued by the International Court of Arbitration on July 16, 2015 (the "Arbitral Award") relates to this case. ECF 19-9. First, Defendants argue that Plaintiff seeks to enforce the Arbitral Award against Defendant Belbadi as an "alter ego" of third parties iCapital, Dhaheri, and Vandevco. Plaintiff responds that it does not seek to enforce the Arbitral Award against Defendants in any claim for relief. The Court accepts Plaintiff's statement.[1]

Second, Defendants argue that the Arbitral Award will affect Plaintiff's effort to establish personal jurisdiction over Belbadi. Third, Defendants argue that the Arbitral Award could establish the amount of damages, attorney's fees, and costs that Plaintiff seeks to recover. Defendants, however, did not raise either their second or third arguments before Judge Papak.[2] Thus, the Court does not consider these latter two arguments. *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) ("We do not believe that the Magistrates Act was

---

[1] Thus, for similar reasons, Defendants' anticipated defense that the Arbitral Award is unenforceable against them does not support jurisdiction.

[2] The Court notes that Belbadi has filed a motion to dismiss for lack of personal jurisdiction. Belbadi, however, did not argue in that motion that the Court has subject matter jurisdiction over this case on the grounds that the Arbitral Award will affect Plaintiff's effort to establish personal jurisdiction.

intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.").

The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Defendants have objected, as well as Defendants' objections and Plaintiff's response. The Court agrees with Judge Papak's reasoning regarding the lack of relatedness of the Arbitral Award to this case and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

/ / /

/ / /

PAGE 3 – ORDER

The Court **ADOPTS** Judge Papak's Findings and Recommendation, ECF 34. Plaintiff's Motion to Remand to State Court (ECF 8) is GRANTED. Defendants' Motion to Dismiss (ECF 25) is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 10th day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – ORDER